IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

        vs.                                                  Case No. 1:22-CR-01858 KWR

TOM TSO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss the Indictment (Doc. 19), Motion to Strike Surplusage in Superseding Indictment (Doc. 26), and Motion to Dismiss the Superseding Indictment (Doc. 27). Having reviewed the pleadings and the relevant law, the Court finds that the motions are not well-taken, and therefore, are **DENIED.**

## BACKGROUND

Defendant Tom Tso was indicted for sexual abuse in violation of 18 U.S.C. § 1153, 2242(2)(B), and 2246(2)(C). Doc. 2. On April 7, 2023, Defendant filed a Motion to Dismiss the Indictment for Violating the Statute of Limitations (Doc. 19). On May 9, 2023, the Government filed a superseding indictment, which added new language to the original indictment. The superseding indictment states the following, with the new language bolded and underlined:

> Between on or about August 4, 1998 and on or about October 11, 2000 in Indian Country in McKinley County, in the District of New Mexico, the defendant, Tom Tso, an Indian, unlawfully and knowingly engaged in and attempted to engage in a sexual act with Jane Doe, **a child under the age of 18 years**, who was physically incapable of declining

participating in, and communicating unwillingness to engage in, that sexual act. In violation of 18 U.S.C. §§ 1153, 2242(2)(B), and 2246(2)(C).

Doc. 23. In response to the superseding indictment, Defendant filed a Motion to Strike Surplusage in Superseding Indictment (Doc. 26) and a Motion to Dismiss the Superseding Indictment (Doc. 27). Because the Government filed a superseding indictment, the Court denies Defendant's Motion to Dismiss Indictment (Doc. 19) as moot.

## DISCUSSION

Defendant argues that the statute of limitations has run because 18 U.S.C. § 3283's statute of limitations does not apply to Defendant's offense charged. Doc. 27 at 3. In reaching this conclusion, Defendant argues that the categorical approach should be used when determining the applicability of § 3283's statute of limitations. Doc. 27 at 4. The Government argues that the Court must use a case specific approach when determining the applicability of § 3283, and thus, the statute of limitations has not run. Doc. 20 at 3. The Court finds that the categorical approach is not appropriate and that § 3823 is applicable to the offense charged. Therefore, the statute of limitations has not run.

### I.     The categorical approach does not apply.

Defendant argues that the Court should use the categorical approach in determining whether § 3283's statute of limitations applies to a charge under 18 U.S.C. § 2242. Doc. 19 at 2. The Government argues that the categorical approach does not apply in this case. Doc. 20 at 3. The Court finds that § 3283 requires a case-specific approach, not a categorical approach in determining whether § 3283's statute of limitations applies to the offense charged.

The categorical approach "requires that courts look only to the statutory definitions—i.e., the elements of the relevant offense to determine if the provision applies and not to the particular

facts underlying those convictions." *Descamps v. United States*, 570 U.S. 254, 261, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) (internal quotation marks omitted). "Whether a statute requires a categorical or case-specific approach is a question of statutory interpretation." *United States v. Maxwell*, 534 F. Supp. 3d 299, 313 (S.D.N.Y. 2021). The Court must "examine the statute's text, context, and history." *United States v. Davis*, 139 S. Ct. 2319, 2327 (2019)

Though the Tenth Circuit has not addressed the issue, the Second Circuit and Third Circuit have held that § 3283 requires a case-specific approach, not the categorical approach. *Weingarten v. United States*, 865 F.3d 48, 60 (2d Cir. 2017); *United States v. Schneider*, 801 F.3d 186, 196 (3d Cir. 2015). The Court will not depart from this precedent.

The text of § 3283 supports a case specific approach. First, § 3283 is addressing the statute of limitations, not a post-conviction criminal or immigration proceeding. *Descamps,* 570 U.S. at 269 (discussing how the categorical approach prevents Sixth Amendment concerns in post-conviction proceedings). The Supreme Court's categorical approach jurisprudence is primarily in the post-conviction contexts of criminal sentencing and immigration deportation cases. *Weingarten,* 865 F.3d at 58. Second, the word "involving" supports that Congress intended the consideration of certain conduct. *Shular v. United States*, 140 S. Ct. 779, 785 (2020) (holding that Congress choosing to use "involving" over "is" intended the statute to encompass certain conduct and not certain generic offenses). Third, the statute refers to certain conduct – "sexual or physical abuse, or kidnapping of a child under the age of 18 years" – and not prior offenses or elements of that offense. *Cf. Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004) (holding that "an offense that as an *element*" refers to prior conviction and the categorical approach applies). Based on the text, the Court finds that case specific approach should be used in determining § 3283's statute of limitations applicability.

Furthermore, legislative history indicates that Congress intended a case-specific approach. "Passing recent statutes related to child sex abuse, including extensions of the § 3283 limitations period, Congress evinced a general intention to cast a wide net to ensnare as many offenses against children as possible." *Weingarten*, 865 F.3d at 60.

Finally, the purpose of the categorical approach is to "promote[] judicial and administrative efficiency by precluding the relitigation of past convictions in minitrials conducted long after the fact." *Moncrieffe v. Holder*, 569 U.S. 184, 200–01 (2013). Here, applying a case base approach to § 3283 presents no practical difficulty or unfairness. The Court is not reviewing prior convictions, and thus, a district court or jury reviewing a § 3283 statute of limitations defense would not implicate unpractical or unfair retrospective factual findings. The district court or jury when reviewing § 3283 can determine "whether the indictment alleged or the Government proved at trial that the defendant engaged in applicable abusive conduct." *Weingarten,* 865 F.3d at 60.

Defendant relied on *Shular v. United States* to support their argument that the categorical approach applies. Doc. 19 at 2. However, the issue in *Shular* was not whether the categorical approach applied. 140 S. Ct. 779, 784 (2020). The parties agreed the categorical approach applied. *Id.* Rather, the issue in *Shular* was which type of categorical approach applied: the generic-offense matching exercise categorical approach or the *Kawashima* categorical approach. *Id.* Furthermore, *Shular* addressed the interpretation of the Armed Career Criminal Act sentencing enhancement, a post-conviction proceeding. *Id.* at 782. As discussed, the categorical approach is used primarily in post-conviction proceedings.

Defendant argues that the categorical approach is not limited to post-conviction proceedings because the *Davis* Court used the categorical approach to determine the applicability

4

of § 924(c) to presently charged offenses. Doc. 19 at 3; Doc. 27 at 5. However, *Davis* differs from the instant case. In *United States v. Davis*, the Court reviewed whether the categorical approach should be used in determining a federal crime of violence under § 924(c) and the constitutionality of the residual clause. 139 S.Ct. 2319, 3232 (2019). The Court held that the categorical approach should be used because 1) § 924(c) definition of "crime of violence" was nearly identical language to post-conviction statutes that mandated a categorical approach, 2) "the case-specific approach would make a hash of the federal criminal code" because the phrase "crime of violence" is used in numerous statutes, and 3) congressional history showed Congress's intent to use the categorical approach. *Id.* at 2327-2332. None of these reasons support that the categorical approach should be used to determine the applicability of § 3283.

The Court finds that the categorical approach is not appropriate, and therefore, the Court will use a case-specific approach to determine the applicability of § 3283's statute of limitations to Defendant's offense charged.

## II.   The superseding indictment is not barred by the statute of limitations.

Defendant argues that the five-year statute of limitations has run and that § 3283's statute of limitations does not apply to the offense charged. Doc. 27 at 3. The Government argues that the statute of limitations has not run because § 3283's statute of limitations applies. Doc. 20 at 7. The Court finds that § 3283's statute of limitations applies to the offense charged and the statute of limitations has not run.

The general federal statute of limitations for noncapital offenses is five years. *See* 18 U.S.C. § 3282(a). However, § 3823 provides that "[n]o statute of limitations that would otherwise preclude prosecution for offense involving the sexual abuse, or kidnapping of a child

5

under the age of 18 years shall preclude such prosecution during the life of the child, or of ten years after the offense, whichever is longer." 18 U.S.C. § 3823.

The Court uses a case-specific approach to determine if § 3283's statute of limitations applies to the current offense charged, and the Court finds that it does. The superseding indictment[1] includes conduct that matches § 3283. The superseding indictment charges Defendant with "unlawfully and knowingly engaged in and attempted to engage in a sexual act with Jane Doe, a child under the age of 18 years." Doc. 23 at 1. In other words, the charged offense involved sexual abuse of a minor on the facts alleged, and therefore, § 3283 governs the limitations period for the charge.

Congress has made several modifications to the statute of limitations for sexual offenses against minors under § 3283. In 1990, the statute of limitations for sexual offenses against minors was until the child turned twenty-five. *United States v. Piette*, 45 F.4th 1142, 1159 (10th Cir. 2022). In 2003, the PROTECT Act amended the statute of limitations to the life of the child, and in 2006, the Violence Against Women and Department of Justice Reauthorization Act amended the statute of limitations to the life of the child or ten years after the offense, whichever is longer. *Id.*

The alleged sexual abuse was committed between on or about August 4, 1998 and on or about October 11, 2000. Therefore, the original statute of limitations was until the child turned twenty-five. Jane Doe reached the age of 25 years in 2007. The statute of limitation period under § 3283 was extended in 2003 and 2006, before prosecution was barred against Defendant. Extending a limitation period before prosecution is barred does not violate ex post facto clause.

---

[1] Because the Government filed a superseding indictment, the Court will review the statute of limitations as it relates to the superseding indictment. The Court finds that Defendant's Motion to Dismiss the Indictment (Doc. 19) is moot because of the superseding indictment.

*Piette*, 45 F.4th at 1162 (citing *United States v. Jeffries*, 405 F.3d 682, 684 (8th Cir. 2005). Therefore, the Court finds that the statute of limitations has not run. The Court denies Defendant's Motion to Dismiss the Superseding Indictment (Doc. 27)

**III.     The additional language in the indictment is an essential element and not surplusage.**

Defendant argues that "a child under the age of 18 years" is not relevant to a charge under 18 U.S.C. § 2242 and prejudicial to Defendant. Doc. 26 at 3-4. The Government argues that the language is legally necessary because the Government must prove the fact for the application of the relevant statute of limitations. Doc. 29 at 3. The Court agrees with the Government.

The Federal Rules of Criminal Procedures provide that "[u]pon the defendant's motion, the court may strike surplusage from the indictment." Fed.R.Crim.P. 7(d). "This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed.R.Crim.P. 7, advisory committee's note to 1944 amendment. "Acting in its discretion, a district court may strike as surplusage allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant." *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990). "However, language in the indictment or information describing the essential elements of the crime alleged is not surplusage and cannot be stricken under Rule 7(d)." *Id.* (citations omitted).

Thus, Rule 7(d) gives the Court discretion to "strike as surplusage allegations not relevant to the charge at issue." *United States v. Brooks*, 438 F.3d 1231, 1237 (10th Cir. 2006). Under Rule 7(d), "not relevant" means "allegations which are both independent of and unnecessary to the offense on which a conviction ultimately rests." *Id.*

The Court finds "a child under the age of 18 years" is relevant to the charge. As discussed, the jury can determine whether § 3283's statute of limitation applies. *Weingarten*, 865 F.3d at 60. As such, whether Jane Doe is "a child under the age of 18 years" is an essential element that the Government must prove beyond a reasonable doubt. Therefore, the language is not surplusage and cannot be stricken under Rule 7(d). *Collins*, 920 F.2d at 631.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss the Indictment (Doc. 19) is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Superseding Indictment (Doc. 27) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Surplusage in Superseding Indictment (Doc. 26) is **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE